17117.   BRIDGES *et al. v.* CITY COUNCIL OF AUGUSTA, for use, etc.

STEPHENS, J.   1. Where one conducts a business which consists in "dry cleaning, storing and pressing of clothes, rugs, and other fabrics," under a license issued to him by a city to carry on the business of a "pressing club" or "similar business," and executes to the city a bond, which recites that he contemplates taking out a license to carry on the business of a pressing club or similar business in the city, and obligates him to "return such personal property as may be entrusted to [his care] in the conduct of said business . . or make good all damages that may be sustained by loss or damage to said property, whether by theft or otherwise, while in possession or care of said principal obligor," this obligation to be void if he should do this, "otherwise to remain in full force and virtue," such bond, by virtue of the obligor's obtaining such license for the purpose of carrying on the particular business contemplated by him and by virtue of his securing the bond, which is made applicable to such business as a pressing club or similar business, is applicable to the business of "dry cleaning, storing and pressing of clothes, rugs, and other fabrics," conducted by the obligor; and where the obligor fails to make good to the owner any damage to personal property entrusted to his care in the conduct of such business, he is liable under the bond for such damage.

Constitutional Law, 12 C. J. p. 1272, n. 23.
Licenses, 37 C. J. p. 239, n. 60; p. 240, n. 63.

2. Since the obligor unconditionally contracts to "make good all damages that may be sustained by loss or damage to said property, whether by theft or otherwise, while in [his] possession or care," it is no defense to a suit against him upon the bond, to recover loss or damage to property entrusted to his possession or care, that he exercised due care and diligence in the care of the property, and that the property sued for was damaged by fire without fault on his part.

3. Since the obligor has, under the bond, contracted for an absolute liability, without reference to negligence, for damage to property entrusted to his care in the conduct of such business, it is no violation of the obligor's constitutional right, against being deprived of property without due process of law, to construe the bond as imposing such unconditional liability upon him.

4. In a suit by the city, as obligee under the bond, against the obligor, to recover the amount of the damage to property by fire while entrusted by the owner to the obligor in the conduct of such business, a verdict for the plaintiff is authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1927.

Certiorari; from Richmond superior court—Judge A. L. Franklin. December 19, 1925.

*W. Inman Curry,* for plaintiffs in error.

*Cumming & Harper, Archibald Blackshear,* contra.